UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAKHBOZ SHARIFOVICH SALOMOV, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-143-R |
| KRISTI NOEM, et al., | ) ) ) | |
| Respondents. | ) | |

## **ORDER**

Petitioner, a citizen of Uzbekistan, entered the United States on January 17, 2023, and was placed into removal proceedings. The Department of Homeland Security issued a notice to appear charging Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i), classifying him as someone who entered the United States without inspection. Petitioner was thereafter released from custody under 8 U.S.C. § 1226. He subsequently filed an Application for Asylum with the Immigration Court [Doc. No. 7-1] and resided in the United States without detention for almost three years until he was detained by ICE pursuant to 8 U.S.C. § 1225(b)(2).

Now before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] claiming violations of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Petitioner asserts the mandatory detention provision pursuant to which he is currently being detained, 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens like him who previously entered the

1

country. Respondents filed a Response in Opposition [Doc. No. 7]. Petitioner filed a Reply [Doc. No. 8].

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. The Court has addressed this same issue in prior orders. *See Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026).[1] The Court has considered Respondents' arguments, and is aware of recent (nonbinding) authority supporting Respondents' position. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

However, the Court continues to conclude that the better reading of the statutory provisions is that § 1225(b)(2) applies to noncitizens "seeking admission into the country" whereas § 1226 applies to noncitizens "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) ("[T]he difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law."). Further, the Court rejects Respondents' argument that Petitioner's asylum application renders him subject to § 1225(b)(2). *See Patel v. Crowley*, No. 25 C

---

[1] The Court adopts the reasoning and conclusions set forth in these prior orders.

11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025) (finding that "[t]he manner in which the boxes were checked on [the petitioner's] NTA shows that the Government determined that [the petitioner] was detained under Section 1226(a)" and it "cannot now be heard to change its position to claim that he is detained under Section 1225(b)"); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *8 (D. Nev. Oct. 14, 2025) (rejecting contention that Respondents could sua sponte change classification on the notice to appear); *Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (concluding that § 1226(a) applies even though Petitioner applied for asylum); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (same); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *2 (W.D. Okla. Jan. 23, 2026) (same).

Here, Petitioner was detained nearly three years after arriving in the country. His detention is controlled by § 1226(a) and he is entitled to a prompt bond hearing. This conclusion is in accordance "with the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner." *Toledo Santos*, 2026 WL 184287, at *2.

Accordingly, the Petition is GRANTED in part and Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). The remaining claims are dismissed without prejudice.

IT IS SO ORDERED this 4th day of March, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE